DOROTHY WILLWERTH, PRO AMI, *vs.* VELMA M. FREEMAN.

WENDALL L. WILLWERTH *vs.* SAME.

Cumberland County. Decided July 16, 1936. These cases arose as the result of an automobile collision. One suit is in behalf of a child of fourteen years, who was a guest passenger in the automobile of the defendant and who sustained serious physical injuries. The verdict was for $3000. The other suit is by the father of the minor for the expenses incurred in her behalf. It was stipulated that such expenses amounted at the time of the trial to $478.85. The award in this case was $500.

The cases come forward on motion for a new trial on the ground that the verdicts were against evidence, and that the damages awarded the minor plaintiff were excessive.

No element of negligence of the minor plaintiff is involved.

It was conceded that the defendant, in driving her car from Pine Street in South Portland into Broadway, a much traveled thoroughfare, turned diagonally to her left across the path of any traffic which might be approaching. This was in violation of R. S., Chap. 29, Sec. 74, which provides in effect that the driver of any vehicle in turning to the left at an intersection shall pass beyond the center thereof. The center is defined in the statute as the meeting point of the medial lines of the ways intersecting one another.

The testimony would justify the jury in finding that the car which collided with the defendant's automobile was traveling on Broadway on its right-hand side and was in close proximity to the

intersection when the defendant entered, although the defendant failed to observe it. The point of collision was in dispute, but credible evidence placed it within a few feet of the entrance to the intersection.

The failure to observe approaching vehicles on the thoroughfare and contravention of the statutory rule by driving diagonally towards such traffic with the resultant collision occurring, warranted the conclusion of the jury that negligence of the defendant was a proximate cause of the accident.

While the defense maintained that the accident was caused solely by the negligence of the driver of the other car involved in the collision, this was a question of fact, and the finding of the jury is amply sustained by the record.

The nature and severity of the injuries to the minor plaintiff justified a substantial verdict, and there is nothing to show that the jury was improperly influenced in arriving at the amount awarded. Motions overruled. *Chaplin, Burkett & Knudsen,* for plaintiffs. *Charles E. Gurney, Lauren M. Sanborn,* for defendant.